No. 906      Southern      Bristol, ss.

WILLIAMS      (White, White & Phillips)
v. ROSE        (Powers & Sullivan)

From the First District Court of Bristol—Davison, J.
Argued April 17, 1941—Opinion Filed May 20, 1941

---

SANBORN, P.J. (Rowe, & Rollins, JJ.)—This is an action of tort to recover damages for the removal of sand and gravel from the plaintiff's land. There was evidence which tended to show the plaintiff agreed to lease to the defendant certain land

from which the defendant was to be allowed to remove sand and gravel, that the bounds of said tract were agreed upon, that a surveyor staked the premises out and prepared a plan of said premises, and that a lease was prepared in which the premises were described in accordance with the agreement so made. This lease, however, was never signed by the defendant. The sand and gravel was taken from land not shown on the above mentioned plan and was not included in said lease. There was evidence on the part of the defendant that the lease agreed upon was of other property than that described in the lease prepared by the plaintiff, and that the sand and gravel removed was from that other property.

Before final argument the plaintiff filed certain requests for rulings. What action the court took on these requests does not appear. The defendant filed thirteen requests, all of which were refused as inapplicable in view of the evidence and the facts found. Upon the conflicting evidence as to the premises intended to be leased, the court found the tract agreed upon was that shown on the plan and described in the lease prepared by the plaintiff and that the defendant had never been authorized to remove sand and gravel from any other property of the plaintiff. A finding was made for the plaintiff.

The deciding fact to be determined by the trial court was the exact premises intended to be leased from which the defendant was to be permitted to remove material. The court decided that fact and also found the defendant had removed sand and gravel to which he had no right. Those findings were clearly warranted, and are not subject to review by this court. Those findings rendered immaterial and inapplicable the defendant's requests for rulings, requests which unduly tended to confuse and obscure the simple but controlling issue of fact. It is wholly unnecessary to consider the requests in detail. The defendant argues against the correctness of the assessment of damages. While the record discloses no evidence in support of that contention, it is sufficient to say that question is not before this court. There has been no prejudicial error and this petition is to be dismissed. So ordered.